JONATHAN E. NUECHTERLEIN
General Counsel
SEENA D. GRESSIN
HEATHER ALLEN
REBECCA M. UNRUH
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, DC 20580
T: (202) 326-2717 (Gressin)
T: (202) 326-2038 (Allen)
T: (202) 326-3565 (Unruh)
F: (202) 326-3768
sgressin@ftc.gov; hallen@ftc.gov; runruh@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br>      v.<br><br>UNIFIED GLOBAL GROUP, LLC, a limited liability company;<br><br>ARM WNY, LLC, also d/b/a Accredited Receivables Management, a limited liability company;<br><br>AUDUBON FINANCIAL BUREAU LLC, also d/b/a AFB, a limited liability company;<br><br>DOMENICO D'ANGELO, a/k/a Dominick D'Angelo, in his individual and corporate capacity; and<br><br>ANTHONY COPPOLA, in his individual and corporate capacity,<br><br>      Defendants. | **Case No.**<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1.      The FTC brings this action under Section 13(b) of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. § 53(b), and Section 814 of the Fair Debt Collection Practices Act,

("FDCPA"), 15 U.S.C. § 1692*l*, to obtain temporary, preliminary, and permanent injunctive

relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement

of ill-gotten monies, the appointment of a receiver, and other equitable relief for Defendants' acts

or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA,

15 U.S.C. §§ 1692-1692p, in connection with Defendants' deceptive, abusive, and unfair debt

collection practices.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and

1345, and 15 U.S.C. §§ 45(a), 53(b), and 1692*l*.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(1), (c)(2), and

(d), and 15 U.S.C. § 53(b).

## PLAINTIFF

4.      The FTC is an independent agency of the United States Government created by statute.

15 U.S.C. §§ 41-58.   The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which

prohibits unfair or deceptive acts or practices in or affecting commerce.   The FTC also enforces

the FDCPA, 15 U.S.C. §§ 1692-1692p, which prohibits deceptive, abusive, and unfair debt

collection practices and imposes duties upon debt collectors.

5.      The FTC is authorized to initiate federal district court proceedings, by its own attorneys,

to enjoin violations of the FTC Act and the FDCPA and to secure such equitable relief as may be

2

appropriate in each case, including rescission or reformation of contracts, restitution, the refund

of monies paid, and the disgorgement of ill-gotten monies.   15 U.S.C. §§ 53(b), 56(a)(2)(A), and

1692*l*(a).

## **DEFENDANTS**

6.      Defendants are third-party debt collectors that collect past-due payday loan and other

consumer debt nationwide through the use of deceptive, abusive, and unfair tactics.

7.      Defendant **Unified Global Group, LLC,** is a New York limited liability company that

has held itself out as doing business at 401 Creekside Drive, Amherst, New York 14228.

Unified Global Group also has used the mailing address P.O. Box 696, East Amherst, New York

14051.   At times material to this Complaint, Unified Global Group, acting alone or in concert

with others, has transacted business in this district and throughout the United States.

8.      Defendant **ARM WNY, LLC**, also doing business as Accredited Receivables

Management, is a New York limited liability company that has held itself out as doing business

at 200 John James Audubon Parkway, Amherst, New York 14228, and 401 Creekside Drive,

Amherst, New York 14228.   ARM WNY also has used the mailing address P.O. Box 903,

Getzville, New York 14068.   At times material to this Complaint, acting alone or in concert with

others, ARM WNY has transacted business in this district and throughout the United States.

9.      Defendant **Audubon Financial Bureau LLC**, also doing business as AFB and AFB and

Associates, is a Delaware limited liability company that has held itself out as doing business at

200 John James Audubon Parkway, Amherst, New York 14228.   Audubon Financial Bureau

also has used the mailing address P.O. Box 901, Getzville, New York 14068.   At times material

to this Complaint, Audubon Financial Bureau, acting alone or in concert with others, has transacted business in this district and throughout the United States.

10.     Defendant **Domenico D'Angelo**, also known as Dominick D'Angelo, is or has been the managing member and owner of Unified Global Group, a member and manager of ARM WNY, and the chief executive officer and managing member of Audubon.   He also is or has been a signatory to the bank accounts of Unified Global Group, ARM WNY, and Audubon.   At times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Defendants, including the acts and practices set forth in this Complaint.   Defendant D'Angelo resides in this district and, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

11.     Defendant **Anthony Coppola** is or has been the chief executive officer and a managing member of ARM WNY.   He also is or has been an owner and a signatory to the bank accounts of ARM WNY and Audubon.   At times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Defendants, including the acts and practices set forth in this Complaint.   Defendant Coppola resides in this district and, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

12.     Defendants are "debt collectors" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

4

**COMMERCE**

13.     At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**DEFENDANTS' ILLEGAL COLLECTION PRACTICES**

14.     Since at least March 2010, and continuing thereafter, Defendants have used deception and threats to extract money from consumers for purported debts.   Using telephone calls, text messages to mobile phones, and electronic and United States mail, Defendants have repeatedly: (1) falsely threatened consumers with dire consequences, including arrest, if consumers fail to make the payments that Defendants demand; (2) unlawfully contacted consumers' family members, employers, and other third parties; (3) charged consumers impermissible fees; and (4) denied consumers statutorily-required information about themselves and the consumers' purported debts, including information necessary for the consumers to confirm or dispute the debts.

15.     The enterprise operated as Audubon Financial Bureau from at least spring 2010 through late 2013.   From late 2013 through about fall 2014, it operated as ARM WNY.   From about fall 2014 to the present, it has operated as Unified Global Group.

16.     Defendants' combination of aggressive misrepresentations, unlawful third-party communications, and failure to comply with basic disclosure requirements has elicited millions of dollars in consumer payments.

**Defendants' False Threats of Arrest or Other Legal Consequences Against Consumers**

17.    Defendants' false threats and claims to consumers and third parties regularly follow a central theme:   consumers face imminent lawsuits, criminal charges, and even arrest unless they pay the money that Defendants are demanding.

18.    To bolster their false claims, Defendants have threatened to serve consumers with legal papers at their homes or workplaces, claimed that arrest warrants have been issued for them, told consumers that they were being sued for criminal check fraud or bank fraud, and claimed that the consumers' wages will be garnished if they failed to pay.   In some instances, Defendants have instructed consumers to stay in place to wait for police officers to arrive at their homes or workplaces to arrest them.

19.    At least one consumer received a full panoply of false threats.   In a series of voicemail messages, Defendants told the consumer that she was being sued for criminal fraud, process servers would be showing up at her office, a warrant was being issued for her arrest, and the police were on their way.

20.    Defendants have claimed routinely that the consequences they describe—lawsuits, wage garnishment, criminal charges, or arrest—are imminent or under way, and that the consumer's only option for averting personal catastrophe is to submit payment.

21.    In truth and in fact, in numerous instances when Defendants have threatened consumers with lawsuits or other legal action, no legal action against the consumer had been taken or was intended to be taken.   In addition, Defendants cannot have a consumer arrested for non-payment of a purported private debt, and cannot have a consumer's wages garnished, because they have not filed an action and obtained a judgment against the consumer.

## **Defendants' Deceptive Text Messages to Consumers**

22.     In numerous instances, Defendants also have sent deceptive and alarming text messages to consumers' mobile telephones to trick them into contacting Defendants' collectors.   The messages typically have falsely represented that the consumer has reached and, often, breached, an agreement with Defendants to pay them.   For example, one consumer received the following series of text messages:

>  YOUR PAYMENT DECLINED WITH CARD ****-****-****-5463…CALL
>  866.256.2117 IMMEDIATELY
>
>  YOUR PAYMENT FOR $[AMOUNT] IS SCHEDULED FOR [DATE].   CALL
>  866.257.2117 WITH ANY QUESTIONS OR CONCERNS
>
>  YOUR PAYMENT OF $[AMOUNT] IS SCHEDULED FOR [DATE].   CALL
>  866.257.2117 IF YOU WANT TO MAKE YOUR PAYMENT EARLY

23.     Defendants have sent text messages like the ones described above in Paragraph 22 to consumers who have not scheduled payments or authorized Defendants to debit their accounts, and, in many instances, never previously have received any communication from Defendants.

24.     In many instances, Defendants' text messages not only have contained deceptive content, but also have omitted a statutorily-required disclosure that the sender is a debt collector and that any information obtained as a result of the communication will be used to collect the consumer's purported debt.

## **Defendants' Unlawful Contacts with Third Parties**

25.     In numerous instances, Defendants have communicated with consumers' employers, co-workers, family members, or other third parties to apply pressure and create a sense of urgency so the consumer or third party will pay them.   In numerous instances, Defendants either:   (1) already possessed contact information for the consumer, including the consumer's

place of abode, telephone number, or place or employment; (2) have disclosed the consumer's purported debt to the third party; or (3) have represented to the third party that Defendants will commence legal action—including arrest—against the putative debtor if the debt is not paid.

### Defendants' Failure to Provide Statutorily-Required Notices and Disclosures to Consumers

26.    In addition to making false threats, Defendants have failed frequently to provide consumers with statutorily-required disclosures in their collection calls, emails, and text messages, including disclosures identifying themselves as debt collectors and stating that the communication is an attempt to collect a debt and that any information provided by the consumer will be used for that purpose.

27.    In numerous instances, Defendants also have failed to provide consumers with a statutorily-required notice, either orally in their initial communication with the consumer or in writing within five days of the initial communication, setting forth the following:   (1) the amount of the purported debt; (2) the name of the creditor to whom the purported debt is owed; (3) a statement that unless the consumer disputes the debt, the debt will be assumed valid; (4) a statement that if the consumer disputes all or part of the debt in writing within 30 days, the debt collector will obtain verification of the debt and mail it to the consumer; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the name and address of the original creditor, if different from the current creditor.

28.    In numerous instances, Defendants have refused to provide consumers with this notice despite consumers' repeated requests and, as a result, consumers have been unable to exercise their rights under the FDCPA to make a cease-and-desist request or dispute formally the validity of a purported debt.

## **Defendants' Unlawful Processing Fees**

29.     In numerous instances, Defendants have insisted that consumers pay a "processing" or "courtesy" fee, typically in the amount of $6.95 per payment.

30.     In numerous instances, the processing fee Defendants have charged has not been expressly authorized by the agreement that created the purported debt, nor permitted by law.

## **VIOLATIONS OF THE FTC ACT**

31.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

32.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### **COUNT I**
### **False or Misleading Representations to Collect Purported Debts**

33.     In numerous instances, in connection with the collection of purported consumer debts, Defendants have represented, directly or indirectly, expressly or by implication, that:

  a.     Defendants have filed, or intend to file, a lawsuit against the consumer for failure to pay a purported debt;

  b.     Defendants will have the consumer arrested or imprisoned, or have the consumer's wages garnished; or

  c.     The consumer has a payment scheduled or the consumer's payment has been declined.

34.     In truth and in fact, in numerous instances in which Defendants have made the representations set forth in Paragraph 33 of this Complaint:

  a.     Defendants have not filed, and do not intend to file, a lawsuit against the

consumer;

b.     Defendants have not had the consumer arrested or imprisoned, or had the

       consumer's wages garnished; and

c.     The consumer does not have a payment scheduled, or the consumer's payment

       has not been declined.

35.    Therefore, Defendants' representations as set forth in Paragraph 33 of this Complaint are

false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the

FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FDCPA

36.    In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective

on March 20, 1978, and has been in force since that date.   Under Section 814 of the FDCPA,

15 U.S.C. § 1692*l*, a violation of the FDCPA is deemed an unfair or deceptive act or practice in

violation of the FTC Act.   Further, the FTC is authorized to use all of its functions and powers

under the FTC Act to enforce compliance with the FDCPA.

37.    Throughout this Complaint, the term "consumer," as defined in Section 803(3) of the

FDCPA, 15 U.S.C. § 1692a(3), means "any natural person obligated or allegedly obligated to

pay any debt."

38.    Throughout this Complaint, the term "debt," as defined in Section 803(5) of the FDCPA,

15 U.S.C. § 1692a(5), means "any obligation or alleged obligation of a consumer to pay money

arising out of a transaction in which the money, property, insurance, or services which are the

subject of the transaction are primarily for personal, family, or household purposes, whether or

not such obligation has been reduced to judgment."

39.     Throughout this Complaint, the term "location information," as defined in Section 803(7) of the FDCPA, 15 U.S.C. § 1692a(7), means "a consumer's place of abode and his telephone number at such place, or his place of employment."

## COUNT II
### Unlawful Communications with Third Parties

40.     In numerous instances, in connection with the collection of debts, Defendants have communicated with persons other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, the attorney of the debt collector, the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator for purposes other than acquiring location information about the consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a post-judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).

## COUNT III
### False, Deceptive, or Misleading Representations to Consumers

41.     In numerous instances, in connection with the collection of debts, Defendants, directly or indirectly, expressly or by implication, have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to:

    a.      Falsely representing or implying that nonpayment of a debt will result in the arrest or imprisonment of a person or the seizure, garnishment, or attachment of a person's property or wages, when such action is not lawful or when Defendants

have no intention of taking such action, in violation of Section 807(4) of the

FDCPA, 15 U.S.C. § 1692e(4);

b.      Threatening to take action that Defendants do not intend to take, such as filing a

lawsuit, in violation of Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5);

c.      Using a false representation or deceptive means to collect or attempt to collect a

debt, or to obtain information concerning a consumer, in violation of

Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10), including false

representations that the consumer has a payment scheduled or the consumer's

payment has been declined; or

d.      Failing to disclose in the initial communication with a consumer that Defendants

are debt collectors attempting to collect a debt and that any information obtained

will be used for that purpose, or failing to disclose in subsequent communications

that the communication is from a debt collector, in violation of Section 807(11) of

the FDCPA, 15 U.S.C. § 1692e(11).

### COUNT IV
### Unauthorized Charges

42.      In numerous instances, in connection with the collection of debts, Defendants have

collected fees that are not expressly authorized by the agreement creating the debt or permitted

by law, in violation of Section 808(1) of the FDCPA, 15 U.S.C. § 1692f(1).

### COUNT V
### Failure to Provide Statutorily-Required Notice

43.      In numerous instances, in connection with the collection of debts, Defendants have failed

to provide consumers, either in the initial communication or a written notice sent within five

12

days after the initial communication, with information about the debt and the right to dispute the debt, in violation of Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a).

## CONSUMER INJURY

44.     Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and the FDCPA.   In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices.   Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

45.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), empower this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.   The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), and the Court's own equitable powers, requests that the Court:

A.     Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to

preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions, an order freezing assets, immediate access, and appointment of a receiver;

B.      Enter a permanent injunction to prevent future violations of the FTC Act and the FDCPA by Defendants;

C.      Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act and the FDCPA, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

D.      Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated:   May 11, 2015                            Respectfully submitted,

                                                 JONATHAN E. NUECHTERLEIN
                                                 General Counsel


                                                 SEENA D. GRESSIN
                                                 HEATHER ALLEN
                                                 REBECCA M. UNRUH
                                                 Federal Trade Commission
                                                 600 Pennsylvania Ave., NW
                                                 Mail Stop CC-10232
                                                 Washington, DC 20580
                                                 (202) 326-2717 (Gressin)
                                                 (202) 326-2038 (Allen)
                                                 (202) 326-3565 (Unruh)
                                                 sgressin@ftc.gov; hallen@ftc.gov; runruh@ftc.gov

                                                 Attorneys for Plaintiff
                                                 FEDERAL TRADE COMMISSION

14