UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FEDERAL TRADE COMMISSION,

                    Plaintiff,

     v.

UNIFIED GLOBAL GROUP, LLC, ARM
WNY, LLC, AUDOBON FINANCIAL
BUREAU LLC, ANTHONY COPPOLA,
and DOMENICO D'ANGELO,

                    Defendants.

---

***EX PARTE* TEMPORARY
RESTRAINING ORDER
WITH AN ASSET FREEZE,
APPOINTMENT OF A
RECEIVER, AND OTHER
EQUITABLE RELIEF, AND
ORDER TO SHOW CAUSE
WHY A PRELIMINARY
INJUNCTION SHOULD NOT
ISSUE (FILED UNDER SEAL)**

1:15-CV-00422 EAW

---

      Plaintiff, the Federal Trade Commission ("FTC"), has filed a complaint seeking a permanent injunction and other equitable relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a), and a motion for temporary restraining order ("TRO" or "Order") pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

      This Court, having considered the complaint, the TRO motion, and all declarations, exhibits, and memorandum of law filed in support thereof, finds that:

1.     This Court has jurisdiction over the subject matter of this case, there is good cause to believe it will have jurisdiction over all the parties hereto, and venue in this district is proper;

2.     There is good cause to believe that Defendants Unified Global Group, LLC, ARM WNY, LLC, Audubon Financial Bureau LLC, Domenico D'Angelo, and Anthony Coppola have

engaged and are likely to continue to engage in acts or practices that violate Section 5(a)

of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. §§ 1692 – 1692p, and that

Plaintiff is therefore likely to prevail on the merits of this action;

3.   There is good cause to believe that consumers will suffer immediate and continuing harm

from Defendants' ongoing violations of Section 5(a) of the FTC Act and the FDCPA

unless Defendants are restrained and enjoined by Order of this Court;

4.   There is good cause to believe that immediate and irreparable damage to the Court's

ability to grant effective final relief for consumers in the form of monetary restitution

and/or disgorgement of ill-gotten gains will occur from the transfer, dissipation, or

concealment by Defendants of their assets or business records unless Defendants are

immediately restrained and enjoined by Order of this Court; and that in accordance with

Fed. R. Civ. P. 65(b), the interest of justice requires that Plaintiff's Motion be heard *ex

parte* without prior notice to Defendants.  Therefore, there is good cause for relieving

Plaintiff of the duty to provide Defendants with prior notice of Plaintiff's Motion;

5.   Good cause exists for appointing a receiver over the Corporate Defendants, permitting

Plaintiff immediate access to Defendants' business premises, and permitting Plaintiff to

take expedited discovery;

6.   Weighing the equities and considering Plaintiff's likelihood of ultimate success, a

temporary restraining order with an asset freeze, appointment of a receiver, immediate

access to business premises, expedited discovery as to the existence and location of assets

and documents, and other equitable relief is in the public interest; and

7.   No security is required of any agency of the United States for issuance of a TRO, Fed. R.

Civ. P. 65(c).

## DEFINITIONS

A.    **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or

personal property, including, without limitation, chattels, goods, instruments, equipment,

fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks,

notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever

located.

B.    **"Consumer"** means any person.

C.    **"Corporate Defendants"** means Unified Global Group, LLC, ARM WNY, LLC, also

d/b/a Accredited Receivables Management, Audubon Financial Bureau LLC, also d/b/a

AFB, and their successors, assigns, affiliates, or subsidiaries, and each of them by

whatever names each might be known.

D.    **"Debt"** means any obligation or alleged obligation to pay money arising out of a

transaction, whether or not such obligation has been reduced to judgment.

E.    **"Defendants"** means the Individual Defendants and the Corporate Defendants,

individually, collectively, or in any combination, and each of them by whatever names

each might be known.

F.    **"Document"** and **"Electronically Stored Information"** are synonymous in meaning and

equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil

Procedure and include but are not limited to:

    i.    The original or a true copy of any written, typed, printed, electronically stored,

transcribed, taped, recorded, filmed, punched, or graphic matter or other data

compilations of any kind, including, but not limited to, letters, email or other

correspondence, messages, memoranda, interoffice communications, notes,

        reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records,

        checks, invoices, work papers, journals, ledgers, statements, returns, reports,

        schedules, or files; and

ii.     Any electronically stored information stored on any server, Blackberrys or any

        type of mobile device, flash drives, personal digital assistants ("PDAs"), desktop

        personal computer and workstations, laptops, notebooks, and other portable

        computers, or other electronic storage media, whether assigned to individuals or

        in pools of computers available for shared use, or personally owned but used for

        work-related purposes; backup disks and tapes, archive disks and tapes, and other

        forms of offline storage, whether stored onsite with the computer used to generate

        them, stored offsite in another company facility, or stored, hosted, or otherwise

        maintained offsite by a third-party; and computers and related offline storage used

        by Defendants or Defendants' participating associates, which may include persons

        who are not employees of the company or who do not work on company

        premises.

G.    **"Electronic Data Host"** means any person or entity in the business of storing, hosting, or

otherwise maintaining electronically stored information.

H.    **"Financial Institution"** means any bank, savings and loan institution, credit union, or

any financial depository of any kind, including, but not limited to, any brokerage house,

trustee, broker-dealer, escrow agent, title company, commodity trading company, or

precious metal dealer.

I.    **"Individual Defendants"** means Domenico D'Angelo, a/k/a Dominick D'Angelo, and

Anthony Coppola.

J.     **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

K.     **"Receivership Defendants"** means the Corporate Defendants, as well as any other business related to the Defendants' debt collection business that the Receiver has reason to believe is owned or controlled in whole or in part by any of the Defendants.

L.     The terms **"and"** and **"or"** shall be construed conjunctively or disjunctively as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

## ORDER

## PROHIBITED REPRESENTATIONS AND DEBT COLLECTION ACTIVITIES

I.     **IT IS THEREFORE ORDERED** that in connection with the collection or the attempted collection of any debt, Defendants and their successors, assigns, members, officers, agents, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from:

A.     Misrepresenting, or assisting others who are misrepresenting, expressly or by implication, orally or in writing, any of the following:

1.     that Defendants have filed, or intend to file, a lawsuit against a consumer for failure to pay a purported debt;

2.     that non-payment of a purported debt will result in a consumer's arrest, imprisonment, or in the seizure, garnishment, or attachment of a consumer's property or wages; or

3.     that a consumer has a payment scheduled or the consumer's payment has been declined;

B.     Communicating with any person other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, the attorney of the debt collector, the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator for purposes other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a post-judgment judicial remedy;

C.     Threatening to take action that any Defendant or any other person does not intend to take, such as filing a lawsuit;

D.     Using any false representation or deceptive means to collect or attempt to collect a debt, or to obtain information concerning a consumer;

E.     Failing to disclose or disclose adequately in the initial communication with a consumer that any Defendant or any other person is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose, or failing to disclose in subsequent communications that the communication is from a debt collector;

F.     Collecting fees that are not expressly authorized by the agreement creating the debt or permitted by law;

G.     Failing to provide consumers, within five days after the initial communication with a consumer, a written notice containing:  (1) the amount of the debt; (2) the

name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendants; (4) a statement that if the consumer notifies Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by Defendants; and (5) a statement that, upon the consumer's written request within the thirty-day period, Defendants will provide the consumer with the name and address of the original creditor, if different from the current creditor; and

H.     Engaging in any other conduct that violates the FDCPA, 15 U.S.C. §§ 1692-1692p.

## ASSET FREEZE

II.   **IT IS FURTHER ORDERED** that:

A.     Defendants are hereby temporarily restrained and enjoined from directly or indirectly:

1.     Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, or any other assets, or any interest therein, wherever located, including outside the United States, that are:  (1) owned or controlled, directly or indirectly, by any Defendants, in whole or in part,

or held, in whole or in part for the benefit of any Defendants; (2) in the actual or constructive possession of any Defendants; or (3) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendants, and any assets held by, for, or under the name of any Defendants at any bank or savings and loan institution of any Defendants, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

2.      Opening or causing to be opened any safe deposit boxes titled in the name of any Defendants, or subject to access by any Defendants;

3.      Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of any Defendants;

4.      Obtaining a personal or secured loan;

5.      Incurring liens or encumbrances on real property, personal property or other assets in the name, singly or jointly, of any Defendants; and

6.      Cashing any checks from consumers, clients, or customers of any Defendants.

B.      Notwithstanding the above, following the submission of all of the financial statements required by Section IV(A) of this Order, any Individual Defendant may make a one-time-only withdrawal of up to $1,000 from his or her personal funds for necessary living expenses and/or attorneys' fees. No such expense,

however, shall be paid from funds subject to this Order except from cash on the person of any Defendant, or from an account designated by prior written notice to counsel for Plaintiff.

C.     The funds, property, and assets affected by this Section II shall include:  (a) all assets of each Defendant as of the time this Order is entered, and (b) those assets obtained after entry of this Order that are obtained from any debt collection activities that predate the entry of this Order.

## RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

III.     **IT IS FURTHER ORDERED** that any financial or brokerage institution or depository, escrow agent, title company, commodity trading company, trust, entity, or person that holds, controls, or maintains custody of any account, document, electronically stored information, or asset owned or controlled, directly or indirectly, by any Defendants, or has held, controlled, or maintained any account or asset of, or on behalf of, any Defendants, upon service with a copy of this Order, shall:

A.     Hold and retain within its control and prohibit Defendants from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any accounts, documents, electronically stored information, assets, funds, or other property that are owned by, held in the name of, for the benefit of, or otherwise controlled by, directly or indirectly, any Defendants, in whole or in part, except as directed by further order of the Court or as directed in writing by the Receiver regarding accounts, documents, or assets owned by, held in the name of, for the benefit of, or otherwise controlled by, any Receivership Defendant.

B.   Provide the Receiver, the Receiver's agents, Plaintiff, and Plaintiff's agents immediate access to electronically stored information stored, hosted, or otherwise maintained on behalf of any Defendants for forensic imaging;

C.   Deny the Defendants access to any safe deposit box titled in the name of any Defendants, individually or jointly, or subject to access by any Defendants, whether directly or indirectly.

D.   Provide counsel for Plaintiff and the Receiver, within three (3) business days after being served with a copy of this Order, a certified statement setting forth:

1.   the identification number of each such account or asset titled (1) in the name, individually or jointly, of any Defendants; (2) held on behalf of, or for the benefit of, any Defendants; (3) owned or controlled by any Defendants; or (4) otherwise subject to access by any Defendants, directly or indirectly;

2.   the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted;

3.   the identification of any safe deposit box that is either titled in the name of any Defendants, or is otherwise subject to access by any Defendants; and

4.   if an account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance on such date, and the manner in

which such account or asset was closed or removed.

E.     Provide counsel for Plaintiff and the Receiver, within three (3) business days after being served with a request, copies of all documents pertaining to such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee.

## FINANCIAL STATEMENTS AND ACCOUNTING

IV.   **IT IS FURTHER ORDERED** that each Defendant, within three (3) business days of service of this Order, shall prepare and deliver to counsel for Plaintiff:

A.     For the Individual Defendants, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with FTC counsel) in the form of **Attachment A** to this Order captioned, "Financial Statement of Individual Defendant."

B.     For the Corporate Defendants, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with FTC counsel) in the form of **Attachment B** to this Order captioned, "Financial Statement of Corporate Defendant."

C.     For each Defendant, a completed statement, verified under oath, of all payments, transfers or assignments of funds, assets, or property worth $2,500 or more since January 1, 2012.  Such statement shall include:  (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the transfer

or assignment; and (d) the type and amount of consideration paid the Defendant. Each statement shall specify the name and address of each financial institution and brokerage firm at which the Defendant has accounts or safe deposit boxes. Said statements shall include assets held in foreign as well as domestic accounts.

## CONSUMER CREDIT REPORTS

V.     **IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## REPATRIATION OF FOREIGN ASSETS

VI.     **IT IS FURTHER ORDERED** that, within five (5) business days following the service of this Order, each Defendant shall:

A.     Provide counsel for Plaintiff with a full accounting of all assets, accounts, funds, and documents outside of the territory of the United States that are held either: (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

B.     Transfer to the territory of the United States all assets, accounts, funds, and documents in foreign countries held either:  (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

C.     Hold and retain all repatriated assets, accounts, funds, and documents, and prevent any transfer, disposition, or dissipation whatsoever of any such assets, accounts, funds, or documents; and

D.     Provide Plaintiff access to all records of accounts or assets of the Defendants held

by financial institutions located outside the territorial United States by signing the

Consent to Release Financial Records attached to this Order as **Attachment C**.

**NON-INTERFERENCE WITH REPATRIATION**

VII.   **IT IS FURTHER ORDERED** that Defendants, and each of their successors, assigns,

members, officers, agents, employees, and attorneys, and those persons in active concert

or participation with them who receive actual notice of this Order by personal service or

otherwise, whether acting directly or through any entity, corporation, subsidiary, division,

affiliate or other device, are hereby temporarily restrained and enjoined from taking any

action, directly or indirectly, which may result in the encumbrance or dissipation of

foreign assets, or in the hindrance of the repatriation required by Section VI of this Order,

including but not limited to:

A.     Sending any statement, letter, fax, email or wire transmission, telephoning or

engaging in any other act, directly or indirectly, that results in a determination by

a foreign trustee or other entity that a "duress" event has occurred under the terms

of a foreign trust agreement, until such time that all assets have been fully

repatriated pursuant to Section VI of this Order; and

B.     Notifying any trustee, protector or other agent of any foreign trust or other related

entities of either the existence of this Order, or of the fact that repatriation is

required pursuant to a Court Order, until such time that all assets have been fully

repatriated pursuant to Section VI.

## APPOINTMENT OF RECEIVER

VIII.   **IT IS FURTHER ORDERED** that Raymond L. effFink, Esq. is appointed Receiver for

the business activities of the Receivership Defendants with the full power of an equity

receiver.  The Receiver shall be the agent of this Court and solely the agent of this Court

in acting as Receiver under this Order.  The Receiver shall be accountable directly to this

Court.  The Receiver shall comply with any laws and Local Rules of this Court governing

receivers.

## DUTIES OF RECEIVER

IX.    **IT IS FURTHER ORDERED** that the Receiver is directed and authorized to

accomplish the following:

A.    Assume full control of the Receivership Defendants by removing, as the Receiver

deems necessary or advisable, any director, officer, independent contractor,

employee, or agent of any of the Receivership Defendants, including any named

Defendant, from control of, management of, or participation in, the affairs of the

Receivership Defendants;

B.    Take exclusive custody, control, and possession of all assets, documents, and

electronically stored information of, or in the possession, custody, or under the

control of, the Receivership Defendants, wherever situated.  The Receiver shall

have full power to divert mail and to sue for, collect, receive, take in possession,

hold, and manage all assets and documents of the Receivership Defendants and

other persons or entities whose interests are now held by or under the direction,

possession, custody, or control of the Receivership Defendants.  *Provided,*

*however,* that the Receiver shall not attempt to collect or receive any amount from

a consumer if the Receiver believes the consumer was a victim of the unlawful conduct alleged in the complaint in this matter;

C.    Take all steps necessary to secure the business premises of the Receivership Defendants.  Such steps may include, but are not limited to, the following, as the Receiver deems necessary or advisable:

1.    serving and filing this Order;

2.    completing a written inventory of all Receivership assets;

3.    obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent, and all computer hardware and software passwords;

4.    videotaping all portions of the location;

5.    securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location;

6.    requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants; and

7.    requiring all employees, independent contractors, and consultants of the Receivership Defendants to complete a questionnaire submitted by the

Receiver;

D.   Conserve, hold, and manage all Receivership assets, and perform all acts

necessary or advisable to preserve the value of those assets, in order to prevent

any irreparable loss, damage, or injury to consumers or to creditors of the

Receivership Defendants, including, but not limited to, obtaining an accounting of

the assets and preventing transfer, withdrawal, or misapplication of assets;

E.   Liquidate any and all securities or commodities owned by or for the benefit of the

Receivership Defendants that the Receiver deems to be advisable or necessary;

F.   Enter into contracts and purchase insurance as the Receiver deems to be advisable

or necessary;

G.   Prevent the inequitable distribution of assets and determine, adjust, and protect

the interests of consumers and creditors who have transacted business with the

Receivership Defendants;

H.   Manage and administer the business of the Receivership Defendants until further

order of this Court by performing all incidental acts that the Receiver deems to be

advisable or necessary, which includes retaining, hiring, or dismissing any

employees, independent contractors, or agents;

I.   Choose, engage, and employ attorneys, accountants, appraisers, and other

independent contractors and technical specialists as the Receiver deems advisable

or necessary in the performance of duties and responsibilities under the authority

granted by this Order;

J.   Make payments and disbursements from the Receivership estate that are

necessary or advisable for carrying out the directions of, or exercising the

authority granted by, this Order.  The Receiver shall apply to the Court for prior

approval of any payment of any debt or obligation incurred by the Receivership

Defendants before the date of entry of this Order, except payments that the

Receiver deems necessary or advisable to secure assets of the Receivership

Defendants, such as rental payments;

K.     Determine and implement the manner in which the Receivership Defendants will

comply with, and prevent violations of, this Order and all other applicable laws,

including, but not limited to, revising sales materials and implementing

monitoring procedures;

L.     Institute, compromise, adjust, appear in, intervene in, or become party to such

actions or proceedings in state, federal, or foreign courts that the Receiver deems

necessary and advisable to preserve or recover the assets of the Receivership

Defendants, or that the Receiver deems necessary and advisable to carry out the

Receiver's mandate under this Order; *provided that,* before taking any of the

action contemplated under this subsection (Section IX(L)), the Receiver shall

provide Plaintiff with notice of its intent to take such action at least five (5)

business days before taking the action;

M.     Defend, compromise, adjust, or otherwise dispose of any or all actions or

proceedings instituted in the past or in the future against the Receiver in his role

as Receiver, or against the Receivership Defendants, that the Receiver deems

necessary and advisable to preserve the assets of the Receivership Defendants or

that the Receiver deems necessary and advisable to carry out the Receiver's

mandate under this Order;

N.    Continue and conduct the business of the Receivership Defendants in such

manner, to such extent, and for such duration as the Receiver may in good faith

deem to be necessary or appropriate to operate the business profitably and

lawfully, if at all; *provided, however,* that the continuation and conduct of the

business shall be conditioned upon the Receiver's good faith determination that

the businesses can be lawfully operated at a profit using the assets of the

receivership estate;

O.    Take depositions and issue subpoenas to obtain documents and records pertaining

to the receivership estate and compliance with this Order.  Subpoenas may be

served by agents or attorneys of the Receiver and by agents of any process server

retained by the Receiver;

P.    Open one or more bank accounts in the Western District of New York as

designated depositories for funds of the Receivership Defendants.  The Receiver

shall deposit all funds of the Receivership Defendants in such a designated

account and shall make all payments and disbursements from the receivership

estate from such account(s);

Q.    Maintain accurate records of all receipts and expenditures that the Receiver makes

as Receiver;

R.    Cooperate with reasonable requests for information or assistance from any state or

federal law enforcement agency; and

S.    Be responsible for maintaining the chain of custody of all of Defendants' records

in his possession, pursuant to procedures to be established in writing with the

approval of Plaintiff.

## RECEIVER'S AND PLAINTIFF'S IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS

X.  **IT IS FURTHER ORDERED** that:

A.  Defendants and their officers, agents, directors, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service, facsimile, email, or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall:

1.  Immediately identify to Plaintiff's counsel and the Receiver:

   a.  All of Defendants' business premises;

   b.  Any premises where any Defendant conducts business, debt collection operations, or customer service operations;

   c.  Any premises where documents or electronically stored information related to the business, debt collection operations, or customer service operations of any Defendant are hosted, stored, or otherwise maintained, including but not limited to the name and location of any electronic data hosts; and

   d.  Any premises where assets belonging to any Defendant are stored or maintained;

2.  Allow Plaintiff and the Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants immediate access to:

   a.  All of the Defendants' business premises, including but not limited

to, those located at 401 Creekside Drive, Amherst, New York, and

such other business locations that are wholly or partially owned,

rented, leased, or under the temporary or permanent control of any

Defendant;

b.    Any other non-residence premises where any Receivership

Defendant conducts business, collections operations, or customer

service operations;

c.    Any non-residence premises where documents related to any

Receivership Defendant's business are stored or maintained;

d.    Any non-residence premises where assets belonging to any

Receivership Defendant are stored or maintained; and

e.    Any documents located at any of the locations described in this

Section X; and

3.    Provide Plaintiff and the Receiver, and their respective representatives,

agents, attorneys, investigators, paralegals, contractors, or assistants with

any necessary means of access to, copying of, and forensic imaging of

documents or electronically stored information, including, without

limitation, the locations of Receivership Defendants' business premises,

keys and combinations to business premises locks, computer access codes

of all computers used to conduct Receivership Defendants' business,

access to (including but not limited to execution of any documents

necessary for access to and forensic imaging of) any data stored, hosted or

otherwise maintained by an electronic data host, and storage area access

information.

B.     Plaintiff and the Receiver are authorized to employ the assistance of law

enforcement officers to effect service, to implement peacefully the provisions of

this Order, and to keep the peace.  The Receiver shall allow Plaintiff and its

representatives, agents, contractors, or assistants into the premises and facilities

described in this Section X to inspect, image, and copy documents or

electronically stored information relevant to any matter contained in this Order.

Counsel for Plaintiff and the Receiver may exclude Defendants and their agents

and employees from the business premises and facilities during the immediate

access.  No one shall interfere with the Plaintiff's or Receiver's inspection of the

Defendants' premises or documents.

C.     The Receiver and Plaintiff shall have the right to remove any documents related

to Defendants' business practices from the premises in order that they may be

inspected and copied.  The materials so removed shall be returned within five (5)

business days of completing said copying.  If any property, records, documents, or

computer files relating to the Receivership Defendants' finances or business

practices are located in the residence of any Individual Defendant or are otherwise

in the custody or control of any Individual Defendant, then such Defendant shall

produce them to the Receiver within twenty-four (24) hours of service of this

Order.  In order to prevent the destruction of computer data, upon service of this

Order upon Defendants, any such computers shall be powered down (turned off)

in the normal course for the operating systems used on such computers and shall

not be powered up or used again until produced for copying and inspection, along

with any codes needed for access.  Plaintiff's and the Receiver's representatives may also photograph or videotape the inside and outside of all premises to which they are permitted access by this Order, and all documents and other items found on such premises.

D.   Plaintiff's access to the Defendants' documents pursuant to this provision shall not provide grounds for any Defendant to object to any subsequent request for documents served by Plaintiff.

E.   The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## COOPERATION WITH RECEIVER

XI.   **IT IS FURTHER ORDERED** that:

A.   Defendants and their officers, agents, directors, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service, facsimile, email, or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the Receiver unless the Receiver's request is subject to the assertion of a valid privilege held by an individual.  Defendants' cooperation and assistance shall include, but not be limited to:

1.   Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, including but not limited to allowing the

Receiver to inspect documents and assets and to partition office space;

2.    Providing any password and executing any documents required to access any computer or electronic files in any medium, including but not limited to electronically stored information stored, hosted or otherwise maintained by an electronic data host; and

3.    Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver, *provided, however,* that before taking any of the actions contemplated under this subsection (Section XI(A.3)), the Receiver shall provide Plaintiff with notice of its intent to take such action at least five (5) business days before taking the action.

B.    Defendants and their officers, directors, agents, employees, attorneys, successors, assigns, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained and enjoined from directly or indirectly:

1.    Transacting any of the business of the Receivership Defendants;

2.    Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents, electronically stored information, or equipment of the Receivership Defendants, including but not limited to contracts, agreements, consumer files, consumer lists, consumer addresses and telephone numbers, correspondence, advertisements, brochures, sales

material, sales presentations, documents evidencing or referring to
Defendants' services, debt collection training materials, debt collection
scripts, data, computer tapes, disks, or other computerized records, books,
written or printed records, handwritten notes, telephone logs,
"verification" or "compliance" tapes or other audio or video tape
recordings, receipt books, invoices, postal receipts, ledgers, personal and
business canceled checks and check registers, bank statements,
appointment books, copies of federal, state or local business or personal
income or property tax returns, photographs, mobile devices, electronic
storage media, accessories, and any other documents, records or
equipment of any kind that relate to the business practices or business or
personal finances of the Receivership Defendants or any other entity
directly or indirectly under the control of the Receivership Defendants;

3.      Transferring, receiving, altering, selling, encumbering, pledging,
assigning, liquidating, or otherwise disposing of any assets owned,
controlled, or in the possession or custody of, or in which an interest is
held or claimed by, the Receivership Defendants, or the Receiver;

4.      Excusing debts owed to the Receivership Defendants;

5.      Failing to notify the Receiver of any asset, including accounts, of a
Receivership Defendant held in any name other than the name of the
Receivership Defendant, or by any person or entity other than the
Receivership Defendant, or failing to provide any assistance or
information requested by the Receiver in connection with obtaining

possession, custody, or control of such assets;

6.      Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions and use of monies by the Defendants or any other entity directly or indirectly under the control of the Defendants;

7.      Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the assets or documents subject to this Receivership; or to harass or to interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; and

8.      Filing, or causing to be filed, any petition on behalf of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.,* without prior permission from this Court.

## DELIVERY OF RECEIVERSHIP PROPERTY

**XII.    IT IS FURTHER ORDERED** that:

A.      Immediately upon service of this Order upon them or upon their otherwise obtaining actual knowledge of this Order, or within a period permitted by the Receiver, Defendants, or any other person or entity, including but not limited to financial institutions and electronic data hosts, shall transfer or deliver access to, possession, custody, and control of the following to the Receiver:

1.     All assets of the Receivership Defendants;

2.     All documents and electronically stored information of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), client or customer lists, title documents and other papers;

3.     All assets belonging to members of the public now held by the Receivership Defendants;

4.     All keys, computer and other passwords, entry codes, combinations to locks required to open or gain or secure access to any assets or documents of the Receivership Defendants, wherever located, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property; and

5.     Information identifying the accounts, employees, properties, or other assets or obligations of the Receivership Defendants.

B.     In the event any person or entity fails to deliver or transfer immediately any asset or otherwise fails to comply with any provision of this Section XII, the Receiver may file *ex parte* with the Court an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county (pursuant to Fed. R. Civ. P.

4(c)(1)) to seize the asset, document, or other thing and to deliver it to the Receiver.

## COMPENSATION FOR RECEIVER

XIII. **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Receivership Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## RECEIVER'S REPORTS

XIV. **IT IS FURTHER ORDERED** that the Receiver shall report to this Court on or before the date set for the hearing to Show Cause regarding the Preliminary Injunction, regarding: (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Defendants; (3) the sum of all liabilities of the Receivership Defendants; (4) the steps the Receiver intends to take in the future to: (a) prevent any diminution in the value of assets of the Receivership Defendants, (b) pursue receivership assets from third parties, and (c) adjust the liabilities of the Receivership Defendants, if appropriate; (5) whether the business of the Receivership Defendants can be operated lawfully and profitably; and (6) any other matters which the Receiver believes should be brought to the Court's attention.

*Provided, however,* if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## RECEIVER'S BOND

XV.   **IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $5,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## PROHIBITION ON RELEASE OF CONSUMER INFORMATION

XVI.   **IT IS FURTHER ORDERED** that, except as required by a law enforcement agency, law, regulation or court order, Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained before entry of this Order in connection with any debt collection service.

## STAY OF ACTIONS

XVII.   **IT IS FURTHER ORDERED** that:

A.     Except by leave of this Court, during pendency of the Receivership ordered herein, Defendants and all other persons and entities be and hereby are stayed

from taking any action to establish or enforce any claim, right, or interest for,
against, on behalf of, in, or in the name of, the Receivership Defendants, any of
their subsidiaries, affiliates, partnerships, assets, documents, or the Receiver or
the Receiver's duly authorized agents acting in their capacities as such, including,
but not limited to, the following actions:

1.      Commencing, prosecuting, continuing, entering, or enforcing any suit or
        proceeding, except that such actions may be filed to toll any applicable
        statute of limitations;

2.      Accelerating the due date of any obligation or claimed obligation; filing or
        enforcing any lien; taking or attempting to take possession, custody, or
        control of any asset; attempting to foreclose, forfeit, alter, or terminate any
        interest in any asset, whether such acts are part of a judicial proceeding,
        are acts of self-help, or otherwise;

3.      Executing, issuing, serving, or causing the execution, issuance or service
        of, any legal process, including, but not limited to, attachments,
        garnishments, subpoenas, writs of replevin, writs of execution, or any
        other form of process whether specified in this Order or not; or

4.      Doing any act or thing whatsoever to interfere with the Receiver taking
        custody, control, possession, or management of the assets or documents
        subject to this Receivership, or to harass or interfere with the Receiver in
        any way, or to interfere in any manner with the exclusive jurisdiction of
        this Court over the assets or documents of the Receivership Defendants;

B.      This Section XVII does not stay:

1.     The commencement or continuation of a criminal action or proceeding;

2.     The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3.     The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

4.     The issuance to a Receivership Defendant of a notice of tax deficiency; and

C.     Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty (30) days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

**PRESERVATION OF RECORDS AND TANGIBLE THINGS**

**XVIII. IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents or records that relate to the business practices, or

business and personal finances, of Defendants, or an entity directly or indirectly under the control of Defendants.

## LIMITED EXPEDITED DISCOVERY

XIX. **IT IS FURTHER ORDERED** that Plaintiff is granted leave to conduct certain expedited discovery, and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, expedited discovery as to parties and non-parties shall proceed as follows:

A.      Plaintiff may, upon three (3) calendar days' notice, take the deposition of any person or entity, whether or not a party, in any judicial district, for the purpose of discovering: (1) the assets of Defendants; (2) location of documents; and (3) compliance with this Order. Depositions may be conducted telephonically or in person. Deposition transcripts that have not been signed by the witness may be used at the preliminary injunction hearing in this matter. *Provided that,* notwithstanding Federal Rule of Civil Procedure 30(a)(2), this Section XIX shall not preclude any future depositions by Plaintiff. *Provided further,* that any deposition taken pursuant to this Section XIX shall be in addition to, and not subject to, the presumptive limits on depositions set forth in Federal Rule of Civil Procedure 30(a)(2)(A).

B.      Plaintiff may serve interrogatories for the purpose of discovering: (1) the assets of Defendants; (2) location of documents; and (3) compliance with this Order. Defendants shall respond within five (5) calendar days after Plaintiff serves such interrogatories. *Provided that,* notwithstanding Federal Rule of Civil Procedure

33(a)(1), this subsection (Section XIX(B)) shall not preclude any future interrogatories by Plaintiff.

C.     Plaintiff may, upon five (5) calendar days' notice, including through the use of a Rule 45 subpoena, demand the production of documents from any person or entity, whether or not a Defendant, relating to: (1) the assets of Defendants; (2) the location of documents; and (3) compliance with this Order. *Provided that* two (2) calendar days' notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data.

D.     Plaintiff is granted leave to subpoena documents immediately from any financial institution, account custodian, or other entity or person that holds, controls, or maintains custody of any account or asset of any Defendants, or has held, controlled or maintained custody of any account or asset of any Defendants concerning the nature, location, status, and extent of Defendants' assets, and compliance with this Order, and such financial institution, account custodian or other entity shall respond to such subpoena within five (5) business days after service.

E.     For purposes of discovery pursuant to this Section XIX, service shall be sufficient if made by facsimile, email, or by overnight courier.

## SERVICE OF THIS ORDER

XX.    **IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, email, personal or overnight delivery, or U.S. Express Mail, by agents and employees of Plaintiff or any state or federal law enforcement agency or by private process server, on Defendants or any other persons or entities that may be subject to any

provision of this Order.

## DISTRIBUTION OF ORDER BY DEFENDANTS

XXI.  **IT IS FURTHER ORDERED** that within three (3) calendar days after service of this

Order, Defendants shall provide a copy of this Order to each of their agents, employees,

directors, officers, subsidiaries, affiliates, attorneys, independent contractors,

representatives, franchisees, and all persons in active concert or participation with

Defendants.  Within five (5) calendar days following this Order, Defendants shall provide

Plaintiff with an affidavit identifying the names, titles, addresses, and telephone numbers

of the persons that Defendants have served with a copy of this Order in compliance with

this provision.

## CORRESPONDENCE WITH PLAINTIFF

XXII.  **IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail

addressed to the FTC is subject to delay due to heightened security screening, all

correspondence and service of pleadings on Plaintiff Federal Trade Commission shall be

sent either via electronic transmission or via Federal Express to: Seena Gressin, Federal

Trade Commission, 600 Pennsylvania Avenue, NW, Room CC-10232, Washington, DC

20580.  Email: sgressin@ftc.gov; Telephone: (202) 326-2717; Facsimile: (202) 326-

3768.

## ORDER TO SHOW CAUSE AND PRELIMINARY INJUNCTION HEARING

XXIII. **IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65(b), that

Defendants shall appear on the 22nd day of May, 2015, at 11:00 a.m. at the United States

Courthouse, 100 State Street, Rochester, New York, to show cause, if any there be, why

this Court should not enter a preliminary injunction, pending final ruling on the

complaint, against Defendants, enjoining them from further violations of the FTC Act
and the FDCPA, and imposing such additional relief as may be appropriate.

### SERVICE OF PLEADINGS, EVIDENCE, WITNESS LISTS

**XXIV. IT IS FURTHER ORDERED** that:

    A.    Defendants shall file any answering affidavits, pleadings, or legal memoranda
with the Court and serve the same on counsel for Plaintiff no later than five (5)
business days before the preliminary injunction hearing in this matter.  Plaintiff
may file responsive or supplemental pleadings, materials, affidavits, or
memoranda with the Court and serve the same on counsel for Defendants no later
than one (1) business day before the preliminary injunction hearing in this matter.
*Provided that* service shall be performed by personal or overnight delivery,
facsimile, or email, and documents shall be delivered so that they shall be
received by the other parties no later than 4 p.m. (EDT) on the appropriate dates
listed in this subsection;

    B.    The question of whether this Court should enter a preliminary injunction pursuant
to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendants
during the pendency of this action shall be resolved on the pleadings, declarations,
exhibits, and memoranda filed by, and oral argument of, the parties.  Live
testimony shall be heard only on further order of this Court on motion filed with
the Court and served on counsel for the other parties at least five (5) business days
before the preliminary injunction hearing in this matter.  Such motion shall set
forth the name, address, and telephone number of each proposed witness, a
detailed summary or affidavit disclosing the substance of each proposed witness'

expected testimony, and an explanation of why the taking of live testimony would

be helpful to this Court.  Any papers opposing a timely motion to present live

testimony or to present live testimony in response to live testimony to be

presented by another party shall be filed with this Court and served on the other

parties at least three (3) business days before the preliminary injunction hearing in

this matter.  *Provided that* service shall be performed by personal or overnight

delivery or by facsimile or email, and documents shall be delivered so that they

shall be received by the other parties no later than 4 p.m. (EDT) on the

appropriate dates listed in this subsection.

## DURATION OF ORDER

XXV.  **IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein

shall expire on the 22nd day of May, 2015, at 5:00 p.m., unless within such time, the

Order, for good cause shown, is extended for an additional period not to exceed ten (10)

calendar days, or unless it is further extended pursuant to Federal Rule of Civil Procedure

65.


SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:      May 12, 2015
            Rochester, New York