UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

                      Plaintiff,

    v.

UNIFIED GLOBAL GROUP, LLC,
ARM WNY, LLC,
AUDUBON FINANCIAL BUREAU LLC,
ANTHONY COPPOLA,
DOMENICO D'ANGELO,

                      Defendants.

**DECISION
and
ORDER

15-CV-422W(F)**

APPEARANCES:      JONATHAN E. NEUCHTERLEIN
                          GENERAL COUNSEL
                          Attorney for Plaintiff
                          LISA ANNE ROTHFARB, of Counsel
                          600 Pennsylvania Ave., NW
                          Washington, DC 20580

                          LIPPES MATHIAS WEXLER FRIEDMAN LLP
                          Attorneys for Defendant Unified Global Group and
                             Domenico D'Angelo
                          ERIC M. SOEHNLEIN, of Counsel
                          50 Fountain Plaza, Suite 1700
                          Buffalo, New York 14202

                          LIPSITZ, GREEN, SCIME, CAMBRIA LLP
                          Attorneys for Anthony Coppola
                          JEFFREY F. REINA, of Counsel
                          42 Delaware Avenue, Suite 120
                          Buffalo, New York   14202

                          ANTHONY COPPOLA, *Pro Se*
                          3828 Knottingwood Drive
                          N. Tonawanda, New York  14120

**JURISDICTION**

This matter was referred to the undersigned by order of Hon. Elizabeth A. Wolford, filed September 16, 2015, for all pretrial matters excluding dispositive motions (Dkt. 47).  It is presently before the court on the Suggestion of Bankruptcy filed on December 9, 2015 by Defendant Anthony Coppola ("Defendant," "Defendant Coppola," or "Coppola") suggesting, pursuant to 11 U.S.C. § 362, a stay of proceedings in this court (Dkt. 65).

**BACKGROUND**

Following the filing of the Suggestion of Bankruptcy and its request for a stay pursuant to §362 ("Suggestion"), Plaintiff filed, on December 17, 2015, Plaintiff Federal Trade Commission's Response To Suggestion Of Bankruptcy Filed By Defendant Coppola (Dkt. 67) ("Plaintiff's Response").  On December 30, 2015, in accordance with the court's Scheduling Order (Dkt. 70), Co-Defendants Unified Global Group, LLC and Domenico D'Angelo filed their Reply To The Suggestion Of Bankruptcy By Co-Defendant Coppola (Dkt. 71) ("Co-Defendants Unified and D'Angelo's Reply").  On the same date, Defendant Coppola filed his Reply To Plaintiff Federal Trade Commission's Response To Suggestion Of Bankruptcy Filed By Defendant (Dkt. 73) ("Defendant Coppola's Reply").  Thereafter, on January 6, 2016, Plaintiff filed Plaintiff Federal Trade Commission's Response To Replies Of Defendants Coppola, D'Angelo, And Unified Global Group, LLC Regarding Defendant Coppola's Suggestion Of Bankruptcy (Dkt. 74) ("Plaintiff's Response to Defendants' Replies").  Oral argument was conduct January 7, 2016 (Dkt. 75) and decision reserved.

In response to the court's request at oral argument, Defendant Coppola filed, on January 12, 2016, Defendant Anthony J. Coppola's Supplemental Brief In Support The Bankruptcy Court's Jurisdiction Over Assets Of The Bankruptcy Estate Previously Frozen By This Court (Dkt. 76) ("Defendant Coppola's Supplemental Brief").  Plaintiff, on January 15, 2015, filed Plaintiff Federal Trade Commission's Response To Defendant Anthony J. Coppola's Supplemental Brief (Dkt. 77) ("Plaintiff's Response to Defendant Coppola's Supplemental Brief").

By papers filed January 19, 2016, Defendant Coppola's attorneys, Lipsitz, Green, Scime and Cambria, LLP ("Lipsitz Green"), moved to withdraw as counsel, for an expedited hearing and a stay of discovery in this action (Dkts. 78, 79) ("the motion to withdraw").  A hearing on the motion to withdraw was conducted with all parties, including Defendant Coppola who appeared in person, on January 28, 2016.  Defendant Coppola indicated to the court he had no opposition to Lipsitz Green's motion to withdraw and that he expected his bankruptcy counsel, Amigone, Sanchez & Mattrey, LLP, to be appointed by the Bankruptcy Court as his litigation counsel in this action. Following this hearing, the motion to withdraw, including Defendant's request to expedite, was granted without opposition for the reasons set forth in the motion to withdraw including non-payment of accrued fees of approximately $42,000, and because such debt placed Lipsitz Green in the position of being one of his creditors thereby creating a disqualifying conflict of interest.  See Dkt. 78-1 ¶ 20.  Following discussion of Plaintiff's opposition to Defendant Coppola's request for a stay of proceedings, specifically Defendants' depositions, pending a determination by the court of the Suggestion and request of a stay pending a determination by the Bankruptcy

Court of an application to appoint litigation counsel, presumably Amigone Sanchez & Mattrey, in this matter, the court granted Defendant's request limited, however, to a stay of Defendants' depositions noticed by Plaintiff and scheduled for the following week. The court will schedule a status conference regarding this temporary stay if litigation counsel has not been appointed by the Bankruptcy Court within 30 days. (Dkt. 82)

## FACTS[1]

In this action, brought pursuant to the Federal Trade Commission Act, 15 U.S.C. §53(b) to enforce the Fair Debt Collections Act, 15 U.S.C. § 1692 *et seq.* ("the FDCPA"), Plaintiff seeks injunctive relief including rescission, restitution, refunds, disgorgement of illicitly obtained consumer payments, and appointment of a receiver.  In particular, Plaintiff alleges Defendants engaged in deceptive, abusive and unfair debt collection practices including false threats of litigation, wage garnishments, and arrest, misrepresentation, charging unlawful fees, prohibited communications, failure to provide required notices and debt collection information including cease and desist requests and debt verification resulting in millions of dollars of consumer payments in unjust enrichment to Defendants.  Complaint ¶¶ 16, 44.  Prior to answers,[2] Plaintiff sought and obtained an *ex parte* Temporary Restraining Order on May 12, 2015 (Dkt. 13) appointing a receiver for the corporate Defendants and imposing an asset freeze on Defendants.  Thereafter, on June 26, 2015, the Plaintiff and Defendant Coppola entered into a Stipulated Preliminary Injunction Order (Dkt. 35) ("the Stipulated Injunction") signed by Judge Wolford which, *inter alia*, prohibited Defendant from any violations of

---

[1] Taken from the pleadings and papers filed in this action.
[2] To date only Defendants Unified Global Group LLC, Anthony Coppola and Domenico D'Angelo have appeared.

the FDCPA as alleged in the Complaint and restrained Coppola from transferring or disposing of any assets, directly or indirectly, owed or possessed by Defendant regardless of location, including immediate transfer of certain accounts as specified in the Stipulated Injunction.[3]  A similar order between Plaintiff and the other co-Defendants was also filed on the same day.  (Dkt. 36)  In neither Order do Defendants admit liability.  The record indicates that in addition to his residence Defendant Coppola's primary assets includes a Ferrari automobile the title to which may be subject to a lien.  On December 8, 2015, Defendant Coppola filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code.

## DISCUSSION

It is basic that under the Bankruptcy Code, 11 U.S.C. §362(a)(1), ("§362(a)(1)"), the filing of a bankruptcy petition automatically stays all judicial proceedings against the debtor-filer.  *FTC v. Consumer Health Benefits Assoc.*, 2001 WL 2341097, at *1 (S.D.N.Y. June 8, 2011) )citing *Eastern Refractories Co. v. Forty Eight Insulations, Inc.*, 157 F.3d 169, 172 (2d Cir. 1998)).  Nor is there dispute that the plenary stay imposed by §362(a)(1) is subject to the so-called "governmental unit exception," *SEC v. Miller*, 808 F.3d 623, 626 (2d Cir. 2015), also referred to as the "police powers exception," *Consumer Health Benefits Assoc.*, 2011 WL 2341097, at *1, pursuant to 11 U.S.C. §362(b)(4) ("§362(b)(4)").  As relevant, where a governmental unit is suing a debtor to prevent or stop a violation of anti-fraud, consumer protection, or similar police or regulatory laws and seeks "other than a money judgment," §362(b)(4), *i.e.*, damages for violations of such regulatory laws, the enforcement actions is not subject to the

---

[3]  Defendant does not dispute Plaintiff has authority to enforce the FDCPA by bringing this action.

automatic §362(a)(1) stay.  *See Consumer Health Benefits Assoc.*, 2011 WL 2341097, at *2 (citing *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) (purpose of the § 362(b)(4) exception is "to prevent a debtor from frustrating necessary governmental functions by seeking refuge in bankruptcy court").  Coppola disputes the agency or police exception under § 362(b)(4) is applicable here contending that because, according to Coppola, the Stipulated Injunction makes it "practically impossible" for Coppola to "operate as a debt collector," there is no need for further equitable relief and thus continuing the action would primarily serve Plaintiff's "pecuniary interest" thereby taking the case outside the scope of the §362(b)(4) exception and requiring the court to enforce the § 362(a)(1) stay.  Defendant's Coppola Reply at 7 (citing and quoting *Enron Corp. v. Lockyer (In re Enron Corp.*), 314 B.R. 524, 536-37 (Bankr. S.D.N.Y. 2004)).  However, carefully read the Stipulated Injunction does not prohibit Coppola from engaging in debt collection, only that Coppola not violate the requirements of the FDCPA in doing so.  *See* Stipulated Injunction, Dkt. 35, at 6-7 (prohibiting Coppola from engaging in prohibited misconduct such as threatening consumers with arrest as alleged in the Complaint). The notion, implied in Coppola's contention, that compliance with the Stipulated Injunction requiring Coppola's future compliance with the FDCPA somehow makes it "practically impossible" for Coppola, or other co-Defendants to conduct lawfully a debt collection business is, on its face, unpersuasive.  Thus, as Plaintiff argues, absent the <u>permanent</u> injunctive relief sought in this action by Plaintiff, in addition to recoupment of Defendants' unjust enrichment, Coppola may resume lawful debt collection operations. Plaintiff's Response (Dkt. 74) at 8.  Plaintiff also maintains the instant action does not seek a money judgment to enforce its pecuniary interest, rather, the action seeks only

monetary relief incidental to purely equitable remedies such as rescission, restitution, refunds, and disgorgement of illicitly obtained profits arising from Defendants' unjust enrichment.  Plaintiff's Response to Suggestion of Bankruptcy at 4; Complaint ¶¶ 44-45.  Accordingly, the court finds the action is well within the scope of the § 362(b)(4) exception.  Although Coppola initially contended that Plaintiff's action was subject to the § 362(a)(1) stay, Defendant Coppola Reply, Dkt. 73, at 1, 4, 8, Coppola subsequently conceded Plaintiff may "prosecute this action" to determine its entitlement, if any, to monetary relief against Coppola.  Defendant Coppola's Supplemental Brief at 10-11.  However, Defendant Coppola appears to suggest the litigation should proceed in Bankruptcy Court, *id.* at 11, and has not withdrawn the Suggestion.

Defendant Coppola also contends that to facilitate an orderly disposition of Coppola's Chapter 11 proceedings the asset freeze as provided for in the Stipulated Injunction, *see* Dkt. 35 at 8-10, should be vacated.  Coppola's Reply at 5-6.  In support, Coppola asserts, *inter alia*, "a risk of dissipating assets," presumably referring to a declining market value for Coppola's Ferrari, Defendant Coppola's Supplemental Brief at 10; however, Coppola provides no evidence to support such assertion.  Plaintiff opposes this request.  Plaintiff's Response at 5-6; Plaintiff's Response to Defendants' Replies at 4-5.  Specifically, Plaintiff maintains that an asset freeze, like that imposed under the Stipulated Injunction, is within the enforcement exception of §362(b)(4) and does not establish that Plaintiff is attempting to disrupt the Bankruptcy Court proceedings by seeking a money judgment in furtherance of Plaintiff's pecuniary interest.  Plaintiff's Response to Defendant's Replies at 4-5 citing *SEC v. Miller*, 808 F.3d 623, 632 (2d Cir. 2015) (holding that district court's asset freeze imposed before

any judgment of liability and which merely burdened the use of defendant's assets did not place SEC's action outside §362(b)(4) enforcement exception to automatic stay). In upholding the asset freeze in *Miller*, the Second Circuit found that the asset freeze at issue "seeks not to modify or transfer assets in any way, but rather, merely to 'preserve the status quo in anticipation of a final judgment.'" *Miller*, 808 F.3d at 632 (quoting *SEC v. Wyly*, 73 F.Supp.3d 315, 320 (S.D.N.Y. 2014)). The court also found that the asset freeze was tailored so as not to displace the need to "centralize" authority over the property of the debtor's estate in the Bankruptcy Court, *Miller*, 808 F.3d at 634-35. However, as explained below, the court does not consider whether the asset freeze at issue meets the factors addressed in *Miller* as relevant to determining whether the asset freeze should be continued.

While Miller may be read as supporting Plaintiff's contention that the asset freeze should remain in effect, contrary to Coppola's request that it be vacated, as such request involves amending Judge Wolford's order which, as a preliminary injunction is a dispositive matter, *see* 28 U.S.C. § 636(b)(1)(A) (excluding injunctive relief from authority of magistrate judge absent consent pursuant to 28 U.S.C. § 636(c) to hear and determine non-dispositive matters), and thus beyond the undersigned's referral authority, *see* Dkt. 47, which is limited to non-dispositive matters, Defendant Coppola's request with respect to removing or modifying the asset freeze must be directed to Judge Wolford. The court also does not resolve whether Plaintiff may, following a finding of Defendant Coppola's liability, establish a constructive trust over any part of Defendants' assets subject to the asset freeze as Plaintiff asserts, Plaintiff's Response to Defendant Coppola's Supplemental Brief, Dkt. 77, at 6, 8-9, a position Defendant

strongly contests.[4] Defendant Coppola's Supplemental Brief, Dkt. 79, at 6-8. Finally, as the court finds the §362(b)(4) exception is applicable to this action, and that the matter shall proceed in this court, there is also no need to address co-Defendants' request that the matter not be determined in a manner prejudicial to their cross-claims. See Co-Defendants Unified and D'Angelo's Reply, Dkt. 71, at 2-4 ("if the action is stayed against Coppola, it must be stayed against the [co]Defendants . . .").

## CONCLUSION

Based on the foregoing, Defendant's Suggestion of Bankruptcy and Request for a Stay (Dkt. 65) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: February 9, 2016
       Buffalo, New York

**Any appeal of this Decision and Order must be taken by filing written objections with the Clerk of Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).**

---

[4] A finding that Coppola's assets are subject to a constructive trust would exclude such assets from the debtor's estate in Bankruptcy Court. See Defendant Coppola's Supplemental Brief at 6-8 (citing cases); Plaintiff's Response to Defendant Coppola's Supplemental Brief at 7-8 (citing *Cadle v. Mangan*, 503 F.3d 171, 182 (2d Cir. 2007) (constructive trust in bankruptcy places property subject to the trust outside debtor's estate)).