UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

                     Plaintiff,

v.

UNIFIED GLOBAL GROUP, LLC, *et al.*

                     Defendants.

Case No. 1:15-cv-00422-W(F)

## STIPULATION TO MODIFY ASSET FREEZE AS TO DEFENDANT COPPOLA TO PERMIT SALE OF VEHICLE AND PAYMENT OF NET PROCEEDS INTO REGISTRY OF THE COURT

On June 26, 2015, the Court entered the Stipulated Preliminary Injunction Order (ECF No. 35) (the "Order") in the above-captioned case. The Order contains an asset freeze that, among other things, prevents Defendant Anthony Coppola ("Coppola") from both placing liens upon his assets and selling assets he owns or for which he has actual or constructive possession. Order at 8 (Section II).

On December 8, 2015, Coppola filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, in the United States Bankruptcy Court for the Western District of New York, *In re Anthony J. Coppola*, Case No. 1-15-12616-MJK (the "Bankruptcy Case"). In his bankruptcy schedules, Coppola identified a 2012 Ferrari (VIN #ZFF68NGA8C0188737) (the "2012 Ferrari") as an asset he holds exclusively and valued it at approximately $210,000. The 2012 Ferrari is presently a frozen asset under the Order.

On December 17, 2015, M&T Bank, through counsel, filed a motion in the Bankruptcy Case seeking to repossess and sell the 2012 Ferrari (the "Lift Stay Motion," Bankruptcy Case

ECF No. 14). M&T Bank claims it holds a security interest in the 2012 Ferrari, having provided a personal loan to Coppola (secured by a Security Agreement) to aid in Coppola's purchase of the 2012 Ferrari. M&T Bank claims that Coppola has not made any payments on its loan since August 24, 2015, and is thus in default. As of March 31, 2016, M&T Bank claims that the amount outstanding on this loan is $124,062.75 (inclusive of interest, costs and counsel fees).

Coppola opposed the Lift Stay Motion, claiming M&T Bank did not possess a properly perfected security interest in the 2012 Ferrari, among other things, due in part to the asset freeze this Court entered on an *ex parte* basis.[1] *See Ex Parte* Temporary Restraining Order with an Asset Freeze, Appointment of a Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue (ECF No. 13).

Plaintiff Federal Trade Commission ("FTC" or "Commission") takes no position on the status of M&T Bank's security interest in the 2012 Ferrari. The FTC, however, opposed the Lift Stay Motion, arguing that the 2012 Ferrari is a frozen asset under this Court's Order.

On February 10 and 19, 2016, the Bankruptcy Court presiding over the Bankruptcy Case heard argument on the Lift Stay Motion. The Bankruptcy Court denied the Lift Stay Motion without prejudice and indicated that it would grant M&T Bank an equitable lien on the 2012 Ferrari provided the parties petition this Court to lift the asset freeze to allow the Bankruptcy Court to grant the equitable lien. *See* Docket text attached as Exhibit A. Also at the hearing on the Lift Stay Motion, Coppola informed the Bankruptcy Court, FTC counsel and M&T Bank's counsel that he has an offer to purchase the 2012 Ferrari for $200,000.

---

[1] Coppola claims that he purchased the 2012 Ferrari in late March or April 2015, had the car shipped to him since it was located in another state, and that he took possession of the vehicle around mid to late April. This Court entered the Order instituting the *ex parte* asset freeze on May 12, 2015.

2

On March 16, 2016, Coppola filed a motion in this Court to modify the Order relative to the asset freeze, seeking to transfer all of the assets scheduled in Coppola's Bankruptcy Case to the jurisdiction of the Bankruptcy Court for administration in the Bankruptcy Case (ECF No. 86) (the "Motion to Modify Asset Freeze").[2] The FTC filed an opposition to the Motion to Modify Asset Freeze (ECF 89). The matter has been fully briefed, and is pending before this Court.

The parties to this Stipulation agree that the 2012 Ferrari should be sold in order to maximize its value. However, the 2012 Ferrari cannot be sold until this Court modifies the Order to permit the sale of this frozen asset. Order at 8; *see also* Ex. A (docket order directing parties to seek this Court's relief so the Bankruptcy Court may enter orders relative to the 2012 Ferrari). Accordingly, the parties request that the Court modify its Order only as to the 2012 Ferrari, without prejudice to the relief sought by Coppola in the Motion to Modify Asset Freeze, as follows:

Upon the Court's approval of this Stipulation, the Order is modified so the following parties may take only the specific actions itemized below:

1. The Bankruptcy Court presiding over the Bankruptcy Case may enter an order: (a) granting M&T Bank an equitable perfected security interest in the 2012 Ferrari; (b) directing Coppola to execute and deliver to M&T Bank any documents necessary to file said lien with the New York State Department of Motor Vehicles and have said lien appear on the title for the 2012 Ferrari; (c) authorizing M&T Bank to be paid the amount of its allowed secured claim out of the proceeds of any sale of the 2012 Ferrari (the "M&T Bank Allowed Secured Claim"); and (d) authorizing the payment out of the proceeds of the sale of any

---

[2] On February 9, 2016, Magistrate Judge Foschio ruled that he could not modify the asset freeze contained in the Order since such an action exceeded his referral authority. (ECF No. 83)

3

New York State sales tax liability associated with Coppola's purchase of the 2012 Ferrari in March 2015, as well as any title and recording costs necessary to correct title for the vehicle so that Coppola may successfully transfer title of the vehicle once sold in his Bankruptcy Case;

2. The M&T Bank Allowed Secured Claim shall be fixed in the amount of $118,000.00 so long as the vehicle is sold and M&T Bank is paid from the proceeds of the sale on or before May 11, 2016; and in the event that M&T Bank is not paid on or before said date, M&T Bank shall be entitled to assert its entire secured claim and seek allowance thereof, subject to any objection by Coppola or any other interested party in the Bankruptcy Case; and

3. Coppola is permitted to sell the 2012 Ferrari in his Bankruptcy Case, and such sale will not violate the Order so long as the following conditions are satisfied and this Court has not otherwise modified the Order:

    a. Defendant Coppola is permitted to offer the 2012 Ferrari for sale for a period of ninety (90) days from the date the Court approves this Stipulation. If the 2012 Ferrari is not sold in that time, it will revert back to its status as a frozen asset whose sale is prohibited by the Order. Provided, however, that M&T Bank shall retain its perfected equitable lien in the 2012 Ferrari as ordered by the Bankruptcy Court. Further, M&T Bank shall not be prohibited from seeking leave of this Court to make application to Bankruptcy Court to terminate the automatic stay under 11 USC § 362 in order for M&T Bank to seize and sell the 2012 Ferrari to recover all sums due it under the Loan Documents executed by Coppola in

favor of M&T Bank. If the 2012 Ferrari is seized and sold by M&T Bank, any funds received in excess of the current balance then owed M&T Bank by Coppola shall be deposited into the registry of this Court and M&T Bank shall follow the procedures outlined in paragraphs 3(g) to 3(i) below.

b. The sale of the 2012 Ferrari shall be the subject of a motion to sell by Coppola pursuant to Section 363 of the Bankruptcy Code, 11 U.S.C. § 363, that will be filed in the Bankruptcy Case and appropriate notice (as determined by the Bankruptcy Court) provided to creditors. The FTC and M&T Bank shall not object to a purchase price for the 2012 Ferrari of $200,000 or greater.

c. The proposed sale of the 2012 Ferrari shall be conducted pursuant to 11 U.S.C. § 363 and shall include an in-court auction, which shall be conducted by the Bankruptcy Court as part of the hearing on the motion to sell.

d. The Bankruptcy Court may enter an order approving or denying the sale of the 2012 Ferrari without violating the asset freeze contained in the Order. If the Bankruptcy Court does not enter an order regarding the proposed sale of the 2012 Ferrari within one hundred twenty (120) days of the entry of this Stipulation, the 2012 Ferrari will revert back to its status as a frozen asset whose sale is prohibited by the Order.

e. The terms of the sale of the 2012 Ferrari shall not include any side agreements (written or otherwise) that would permit any of the sales

5

proceeds from a later re-sale of the 2012 Ferrari to be paid at any time to Coppola directly or to others for his benefit. For example, if the prospective purchaser, Pinnacle Auto, (or another purchaser approved by the Bankruptcy Court) later sells the 2012 Ferrari, none of the proceeds from its sale shall be transferred or paid to Coppola, his family, or insiders of his businesses directly, or to others for Coppola's benefit.

f. M&T Bank and Coppola are responsible for preparing, executing, and filing all of the requisite documents, forms, and notices for the consummation of the sale of the 2012 Ferrari. Coppola and M&T Bank shall cooperate with one another in connection with the closing of any approved sale by timely executing all releases, transfer documents, and any other documents that either reasonably determines are necessary to complete the sale.

g. Upon consummation of the sale, Defendant Coppola will file a statement with this Court, itemizing the following:

   i. the purchase price obtained for the 2012 Ferrari;

   ii. the identity of the purchaser;

   iii. the amount paid to M&T Bank on its lien;

   iv. the amount paid to New York State for sales taxes for Coppola's 2015 purchase of the 2012 Ferrari; and

   v. any other costs (not including attorneys' fees) to transfer the title to the successful purchaser of the 2012 Ferrari.

6

h. Simultaneously with the filing of the above itemization, Coppola shall deposit the net proceeds of the sale of the 2012 Ferrari into the registry of this Court, pursuant to FED. R. CIV. P. 67. The Clerk shall deposit funds paid pursuant to this Stipulation and order into an interest-bearing account. For purposes of this Stipulation, net proceeds means the purchase price of the 2012 Ferrari minus items (g)(iii) through (v) above.

i. The net proceeds from the sale shall remain in the registry of this Court until the Court enters a final judgment in this case or otherwise modifies the Order.

SO ORDERED.

Dated: 4/26/16 , 2016

s/ Elizabeth A. Wolford

Hon. Elizabeth A. Wolford
United States District Judge

SO STIPULATED:

Date:

_____
Anthony J. Coppola
3828 Knottingwood Drive
North Tonawanda, New York 14120

Date: 4/26/16
/s/ Peter Lamberton

Lisa A. Rothfarb
Peter Lamberton
Federal Trade Commission
600 Pennsylvania Ave. NW
Mail Stop CC-10232
Washington, DC 20580
202-326-2602 (Rothfarb); 202-326-3274 (Lamberton)
lrothfarb@ftc.gov; plamberton@ftc.gov

Attorneys for Plaintiff

7

h. Simultaneously with the filing of the above itemization, Coppola shall deposit the net proceeds of the sale of the 2012 Ferrari into the registry of this Court, pursuant to FED. R. CIV. P. 67. The Clerk shall deposit funds paid pursuant to this Stipulation and order into an interest-bearing account. For purposes of this Stipulation, net proceeds means the purchase price of the 2012 Ferrari minus items (g)(iii) through (v) above.

i. The net proceeds from the sale shall remain in the registry of this Court until the Court enters a final judgment in this case or otherwise modifies the Order.

SO ORDERED.

Dated: _____, 2016

_____
Hon. Elizabeth A. Wolford
United States District Judge

SO STIPULATED:

Date: 4/26/16

_____
Anthony J. Coppola
3828 Knottingwood Drive
North Tonawanda, New York 14120

Date:

_____
Lisa A. Rothfarb
Peter Lamberton
Federal Trade Commission
600 Pennsylvania Ave. NW
Mail Stop CC-10232
Washington, DC 20580
202-326-2602 (Rothfarb); 202-326-3274 (Lamberton)
lrothfarb@ftc.gov; plamberton@ftc.gov

Attorneys for Plaintiff

7

|  | FEDERAL TRADE COMMISSION |
|---|---|
| Date: 4/22/16 | Date: 4/24/16 |
| _____ | _____ |
| Arthur G. Baumeister, Jr. | Seth Hibbert |
| Amigone, Sanchez & Mattrey, LLP | Getman & Biryla, LLP |
| 1300 Main Place Tower | 800 Rand Building |
| 350 Main Street | 14 Lafayette Square |
| Buffalo, New York 14202 | Buffalo, New York 14203 |
| *Counsel to the Debtor/Defendant, Coppola* | *Counsel to M&T Bank* |