

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF NEW YORK

---

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

UNIFIED GLOBAL GROUP, LLC,
et al.,

Defendants.

Case No. 1:15-cv-00422-EAW

STIPULATED ORDER FOR
PERMANENT INJUNCTION AND
MONETARY JUDGMENT AS TO
DEFENDANTS ARM WNY, LLC;
AUDUBON FINANCIAL BUREAU,
LLC; UNIFIED GLOBAL GROUP,
LLC; AND DOMENICO D'ANGELO

Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for

Permanent Injunction and Other Equitable Relief on May 11, 2015, pursuant to

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and

Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692l.

On motion by the FTC, on May 12, 2015, this Court entered an *ex parte* temporary

restraining order with asset freeze, appointment of receiver, and other equitable relief

against defendants ARM WNY, LLC; Audubon Financial Bureau, LLC; Unified Global

Group, LLC; Domenico D'Angelo; and Anthony Coppola (collectively, "Defendants").

(Dkt. No. 13.)  On June 26, 2015, the Court entered two Stipulated Preliminary

Injunctions, one pertaining to defendant Anthony Coppola (Dkt. No. 35), and one

pertaining to defendants ARM WNY, LLC; Audubon Financial Bureau, LLC; Unified

Global Group, LLC; and Domenico D'Angelo (Dkt. No. 36).  The FTC, the Receiver,

and defendants ARM WNY, LLC; Audubon Financial Bureau, LLC; Unified Global

Group, LLC; and Domenico D'Angelo (the "Stipulating Defendants"), have stipulated

and agreed to the entry of this Stipulated Order for Permanent Injunction and Monetary

1

Judgment as to Defendants ARM WNY, LLC; Audubon Financial Bureau, LLC; Unified Global Group, LLC, and Domenico D'Angelo ("Order ") to resolve all matters in dispute in this action between them. The Receiver is entering into this Order on behalf of defendants ARM WNY, LLC and Audubon Financial Bureau, LLC based upon the powers granted to him under the Stipulated Preliminary Injunction pertaining to the Stipulating Defendants ARM WNY, LLC and Audubon Financial Bureau, LLC (Dkt. No. 36). The receiver notes that defendants ARM WNY, LLC and Audubon Financial Bureau, LI C are not currently represented by counsel.

**THEREFORE, IT IS ORDERED** as follows.

## FINDINGS

By stipulation of the parties, the Court finds as follows:

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive, abusive, and unfair debt collection practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the FDCPA, 15 U.S.C. §§ 1692-1692p.

3. Stipulating Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, the Stipulating Defendants admit the facts necessary to establish jurisdiction.

4. Stipulating Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

2

Stipulating Defendants also waive and release any claims that they may have against the Commission, the Receiver, and their agents, that relate to this action.

5    Stipulating Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For purposes of this Order, the following definitions apply:

A.    "Credit repair services" means selling, providing, or performing any service (or representing that such service can or will be sold, provided, or performed) through the use of any instrumentality of interstate commerce or the mails, in return for the payment of money or other valuable consideration, for the express or implied purpose of (i) improving any consumer's credit record, credit history, or credit rating or (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i).

B.    "Debt" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

C.    "Debt collection activities" means any activities of a debt collector to collect or attempt to collect, directly or indirectly, a debt owed or due, or asserted to be owed or due, another.

D    "Debt collector" means any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term also includes any creditor who, in the process of collecting its own debts, uses any

3

name other than its own which would indicate that a third person is collecting or attempting to collect such debts. The term also includes any person to the extent such person receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt.

E "Defendants" means all of the Corporate and Individual Defendants, individually, collectively. or in any combination, by whatever names each might be known

    1. "Corporate Defendants" means Unified Global Group, LLC; ARM WNY, LLC, also d/b/a Accredited Receivables Management, Audubon Financial Bureau LLC, also d/b/a AFB; and their successors and assigns.

    2. "Individual Defendants" means Domenico D'Angelo. a/k/a Dominick D'Angelo, and Anthony Coppola.

F. "Financial-related product or service" means any product, service, plan, or program represented, expressly or by implication, to

    1. Provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, an extension of consumer credit;

    2. Provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit repair services; or

    3 Provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, any secured or unsecured debt relief product or service.

4

G    "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

H    "Receiver" means Raymond L. Fink, Esq , of Harter Secrest & Emery LLP

I    "Receivership Entities" means the Corporate Defendants, United Portfolio Solutions, LLC, Pay Harmony LLC, Asset Recovery Systems LLC, and their successors and assigns, as well as any other business related to the Defendants' debt collection business, as alleged in the Complaint, that the Receiver has reason to believe is owned or controlled in whole or in part by any of the Stipulating Defendants.

J    "Secured or unsecured debt relief product or service" means, with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

   1.   Negotiate, settle, or in any way alter the terms of payment or other terms of the mortgage, loan, debt, or obligation, including but not limited to, a reduction in the amount of interest. principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

   2.   Stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

5

3    Obtain any forbearance or modification in the timing of payments from any secured or unsecured holder of any mortgage, loan, debt, or obligation;

4    Negotiate, obtain, or arrange any extension of the period of time within which the person may (a) cure his or her default on the mortgage, loan, debt, or obligation, (b) reinstate his or her mortgage, loan, debt, or obligation, (c) redeem a dwelling or other collateral, or (d) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

5.    Obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

6    Negotiate, obtain, or arrange (a) a short sale of a dwelling or other collateral, (b) a deed-in-lieu of foreclosure, or (c) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a person's application for the mortgage, loan, debt, or obligation.

K.    "Stipulating Defendants" means the Stipulating Corporate Defendants and the Stipulating Individual Defendant, individually, collectively, or in any combination, by whatever names each might be known

6

1. "Stipulating Corporate Defendants" means ARM WNY, LLC,
   Audubon Financial Bureau, LLC, Unified Global Group, LLC, and their
   successors and assigns.

2. "Stipulating Individual Defendant" means Domenico D'Angelo.

## ORDER

## BAN ON DEBT COLLECTION ACTIVITIES

I.  IT IS THEREFORE ORDERED that the Stipulating Defendants, whether
    acting directly or through an intermediary, are permanently restrained and
    enjoined from:

    A.  Participating in debt collection activities; and

    B.  Advertising, marketing, promoting, offering for sale, selling, or buying
        any consumer or commercial debt or any consumer information relating to
        a debt.

## PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL-RELATED PRODUCTS OR SERVICES

II. IT IS FURTHER ORDERED that Stipulating Defendants and their officers,
    agents, employees, and attorneys, and all other persons in active concert or
    participation with any of them, who receive actual notice of this Order by
    personal service, facsimile transmission, email, or otherwise, whether acting
    directly or indirectly, in connection with the advertising, marketing, promotion,
    offering for sale or sale of any financial-related product or service, are
    permanently restrained and enjoined from:

    A.  Misrepresenting or assisting others in misrepresenting, expressly or by
        implication, any material fact, including but not limited to:

7

1.    The terms or rates that are available for any loan or other extension of credit;

2.    Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit,

3     That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

4     Any aspect of any secured or unsecured debt relief product or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such secured or unsecured debt relief product or service: the amount of time before which a consumer will receive settlement of that consumer's debts; or the reduction or cessation of collection calls;

5.    That a consumer will receive legal representation;

6.    That any particular outcome or result from a financial-related product or service is guaranteed, assured, highly likely or probable, or very likely or probable;

7.    The nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a

8

consumer obtaining a full or partial refund, or the circumstances in
which a full or partial refund will be provided to the consumer; and

8.  Any other fact material to consumers concerning any financial-
related product or service, such as: the total costs; any material
restrictions, limitations, or conditions; or any material aspect of its
performance, efficacy, nature, or central characteristics, and

B.  Advertising or assisting others in advertising credit terms other than those
terms that actually are or will be arranged or offered by a creditor or
lender.

## CONSUMER INFORMATION

III.  IT IS FURTHER ORDERED that the Stipulating Defendants and their officers,
agents, employees, and attorneys, and all other persons in active concert or
participation with any of them who receive actual notice of this Order by personal
service, facsimile transmission, email, or otherwise, are permanently restrained
and enjoined from directly or indirectly:

A.  Failing to provide sufficient consumer information to enable the FTC to
administer efficiently consumer redress. If a representative of the FTC
requests in writing any information related to redress, the Stipulating
Defendants must provide it, in the form prescribed by the FTC, within 14
days.

B.  Disclosing, using, or benefitting from consumer information, including the
name, address, telephone number, email address, social security number,
other identifying information, or any data that enables access to a

9

consumer's account (including a credit card, bank account, or other financial account) of any person that any Defendant obtained prior to entry of this Order in connection with the collection or attempted collection of any debt; and

C    Failing to destroy such consumer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the FTC.

D.    *Provided, however,* that consumer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## MONETARY JUDGMENT AND PARTIAL SUSPENSION

IV.    IT IS FURTHER ORDERED that:

A.    Judgment in the amount of twenty seven million, four thousand, four hundred thirteen dollars and sixty seven cents ($27,004,413.67) is entered in favor of the FTC against the Stipulating Defendants, jointly and severally, as equitable monetary relief.

B.    In partial satisfaction of the judgment against the Stipulating Defendants,

1.    Stipulating Defendants are ordered to transfer and relinquish to the Receiver, or to his designated agent, all funds in the following accounts within seven (7) days of entry of this Order, unless otherwise stated.

a.    At Global Payments, all funds, including any reserve balance, in or for the following accounts. account number

10

XXXXXXXXX3171 (Audubon Financial Bureau); account

number XXXXXXXXX4879 (Audubon Financial Bureau

LLC): account number XXXXXX5637 (WNY ARM LLC);

account number XXXXXXXXX5430 (Jacobson &

Associates LLC); account number XXXXXXXXX4398

(Marval And Associates LLC); and account number

XXXXXX5995 (Unified Global Group);

b. At First Niagara, account number XXXXX5062

(Domenico D'Angelo); account number

XXXXXXXX4258 (Asset Recovery Systems LLC);

account number XXXXXXXX4241 (Pay Harmony LLC):

account number XXXXXXXX4423 (Unified Global

Group); account number XXXXXXXXX1444 (Unified

Global Group); account number XXXXXXXXX1311

(United Portfolio Solutions);

c. At M&T Bank, account number XXXXXX6408

(Domenico D'Angelo); account number XXXXXX3100

(Unified Global Group); account number XXXXXX4158

(United Portfolio Solutions):

d. At Priority Payout Corp, the account(s) in the name of

Unified Global Group.

2. The Stipulating Individual Defendant is ordered to pay eleven

thousand dollars ($11,000) which as the Stipulating Individual

11

Defendant stipulates, his undersigned counsel holds in escrow for no purpose other than payment to the FTC. Such payment must be made within seven (7) days of entry of this Order, by electronic transfer in accordance with instructions previously provided by a representative of the FTC.

C  To the extent Stipulating Defendants have not already done so, Stipulating Defendants are ordered to transfer and relinquish to the Receiver, or to his designated agent within seven (7) days of entry of this Order, dominion and all legal and equitable right, title, and interest in, as well as any amounts receivable from, the following entities, their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known, whether those rights, titles, interest and amounts receivable are held by one or more Stipulating Defendants: ARM WNY, LLC, Audubon Financial Bureau, LLC, and Unified Global Group, LLC.

D.  The Stipulating Defendants shall cooperate fully with the Receiver and shall execute any instrument presented by the Receiver, and do whatever else the Receiver deems necessary or desirable to effect the transfers required by Section IV.B.1.

E.  The Stipulating Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any asset

12

F.      Upon completion of all obligations under Subsection IV.B above,
        including all payments and asset transfers, the remainder of the judgment
        is suspended as to the Stipulating Individual Defendant, subject to the
        Subsections below.

G.      The FTC's agreement to the suspension of part of the judgment against the
        Stipulating Individual Defendant is expressly premised upon the
        truthfulness, accuracy, and completeness of the Stipulating Defendant's
        sworn financial statements and related documents (collectively, "financial
        representations") submitted to the FTC, namely:

        1.      The Financial Statement of Domenico D'Angelo , submitted by
                Stipulating Defendants' counsel, Eric M. Soehnlein, to the FTC by
                letter dated June 5, 2015, including the attachments;

        2.      The Financial Statement of Domenico D'Angelo, submitted by the
                Stipulating Individual Defendant's counsel, Eric M. Soehnlein, to
                the FTC by email dated May 17, 2016, including the attachments.

H.      The suspension of the judgment will be lifted as to the Stipulating
        Individual Defendant if, upon motion by the FTC, the Court finds the
        Stipulating Individual Defendant failed to disclose any material asset,
        materially misstated the value of any asset, or made any other material
        misstatement or omission in the financial representations identified above.

I.      If the suspension of the judgment is lifted, the judgment becomes
        immediately due as to the Stipulating Individual Defendant in the amount
        specified in Subsection IV.A above (which the parties stipulate only for

13

purposes of this Section represents the consumer injury alleged in the
Complaint), less any payment previously made pursuant to this Section,
plus interest computed from the date of entry of this Order

J.    The facts alleged in the Complaint will be taken as true, without further
proof, in any subsequent civil litigation by or on behalf of the FTC,
including in a proceeding to enforce its rights to any payment or monetary
judgment pursuant to this Order, such as a nondischargeability complaint
in any bankruptcy case.

K     The facts alleged in the Complaint establish all elements necessary to
sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the
Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have
collateral estoppel effect for such purposes.

L.    The Stipulating Defendants acknowledge that their Taxpayer
Identification Numbers (Social Security and Employer Identification
Numbers), which the Stipulating Defendants previously submitted to the
FTC, may be used for collecting and reporting on any delinquent amount
arising out of this Order, in accordance with 31 U.S.C. § 7701.

M.    All money paid to the FTC pursuant to this Order may be deposited into a
fund administered by the FTC or its designee to be used for equitable
relief, including consumer redress and any attendant expenses for the
administration of any redress funds. If a representative of the FTC decides
that direct redress to consumers is wholly or partially impracticable or
money remains after redress is completed, the FTC may apply any

14

> remaining money for such other equitable relief, including but not limited
> to consumer information remedies, as the FTC determines to be
> reasonably related to the practices alleged in the Complaint. Any money
> not used for such equitable relief is to be deposited to the United States
> Treasury as equitable disgorgement. The Stipulating Defendants have no
> right to challenge any actions the FTC or its representatives may take
> pursuant to this Subsection.

N. The asset freeze is modified to permit the transfers identified in
Subsection IV.B above   Otherwise the asset freeze is kept in place until
the completion of all obligations under Subsection IV.B above, including
all payments and asset transfers, at which time the asset freeze is dissolved
as to the Stipulating Defendants.

### COOPERATION

V. IT IS FURTHER ORDERED that the Stipulating Defendants must fully
cooperate with representatives of the FTC and the Receiver in this case through
the termination of the receivership, including in the preparation of tax returns for
the Receivership Entities and in other actions pursuant to the requirements of this
Order, and in any investigation related to or associated with the transactions or the
occurrences that are the subject of the Complaint. The Stipulating Defendants
must provide truthful and complete information, evidence, and testimony. The
Stipulating Individual Defendant must appear for interviews, discovery, hearings,
trials, and any other proceedings that a representative of either the FTC or the
Receiver may reasonably request upon five (5) days written notice, or other

15

reasonable notice, at such places and times as a representative of the FTC or the
Receiver may designate, without the service of a subpoena.

## CONTINUATION OF RECEIVERSHIP

VI.     IT IS FURTHER ORDERED that Raymond L. Fink shall continue as a
permanent receiver over the Receivership Entities with full powers of a
permanent receiver, including but not limited to those powers set forth in the
Stipulated Preliminary Injunctions entered by the Court in this matter on June 26,
2015 (Dkt. Nos 35 and 36), and including full liquidation powers.

## ORDER ACKNOWLEDGMENTS

VII.    IT IS FURTHER ORDERED that the Stipulating Defendants obtain
acknowledgments of receipt of this Order:

   A     Each Stipulating Defendant, within seven (7) days of entry of this Order,
         must submit to the FTC an acknowledgment of receipt of this Order sworn
         under penalty of perjury.

   B.    For eighteen (18) years after entry of this Order, the Stipulating Individual
         Defendant, for any business that the Stipulating Individual Defendant,
         individually or collectively with any other Defendant, is the majority
         owner or controls directly or indirectly, must deliver a copy of this Order
         to: (1) all principals, officers, directors, and limited liability company
         managers and members; (2) all employees, agents, and representatives
         who participate in conduct related to the subject matter of the Order; and
         (3) any business entity resulting from any change in structure as set forth
         in the Section titled Compliance Reporting  Delivery must occur within

16

seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which a Stipulating Defendant delivered a copy of this Order, that Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

VIII.  IT IS FURTHER ORDERED that the Stipulating Defendants make timely submissions to the FTC:

A.  One year after entry of this Order, the Stipulating Defendants must submit a compliance report, sworn under penalty of perjury.

1  The Stipulating Defendants must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with the Stipulating Defendant; (b) identify all of the Stipulating Defendant's businesses by all of their names, telephone numbers. and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which the Stipulating Defendant must describe if the Stipulating Defendant knows or should know due to the Stipulating Defendant's own involvement); (d) describe in detail whether and how the Stipulating Defendant is in compliance with

17

each Section of this Order, and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.   Additionally, the Stipulating Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which the Stipulating Individual Defendant performs services whether as an employee or otherwise and any entity in which the Stipulating Individual Defendant has any ownership interest; and (c) describe in detail the Stipulating Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B   For eighteen (18) years after entry of this Order, the Stipulating Defendants must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following·

1.   The Stipulating Defendants must report any change in: (a) any designated point of contact; or (b) the structure of the Stipulating Corporate Defendant or any entity that the Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any

18

subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2   Additionally, the Stipulating Individual Defendant must report any change in. (a) name, including aliases or fictitious name, or residence address, or (b) title or role in any business activity, including any business for which the Stipulating Individual Defendant performs services whether as an employee or otherwise and any entity in which the Stipulating Individual Defendant has any ownership interest, and identify the name. physical address, and any Internet address of the business or entity.

C.   The Stipulating Defendants must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Stipulating Defendant within fourteen (14) days of its filing.

D.   Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name. title (if applicable), and signature.

E   Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service)

to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin. *FTC* v. *Unified Global Group, et al.*, Matter No. X150044.

## RECORDKEEPING

IX.     IT IS FURTHER ORDERED that the Stipulating Defendants must create certain records for eighteen (18) years after entry of the Order, and retain each such record for five (5) years. Specifically, the Stipulating Defendants for any business that such Stipulating Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.     Accounting records showing the revenues from all goods or services sold;

B.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's· name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.     Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E     A copy of each unique advertisement or other marketing material.

## COMPLIANCE MONITORING

X.     IT IS FURTHER ORDERED that, for the purpose of monitoring the Stipulating

20

Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.    Within fourteen (14) days of receipt of a written request from a representative of the FTC, the Stipulating Defendants must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, the FTC is authorized to communicate directly with each Stipulating Defendant. Each Stipulating Defendant must permit representatives of the FTC to interview any employee or other person affiliated with the Stipulating Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.    The FTC may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to the Stipulating Defendants or any individual or entity affiliated with the Stipulating Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1

21

D.  Upon written request from a representative of the FTC, any consumer
reporting agency must furnish consumer reports concerning the Stipulating
Defendant pursuant to Section 604(1) of the Fair Credit Reporting Act, 15
U.S.C. §1681b(a)(1).

## ENTRY OF JUDGMENT

XI.  IT IS FURTHER ORDERED that there is no just reason for delay of entry of
this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the
Clerk immediately shall enter this Order as a final judgment as to the Stipulating
Defendants.

## RETENTION OF JURISDICTION

XII.  IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter
for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED, this _____ day of _____ 2016

HON. ELIZABETH A. WOLFORD
United States District Court

SO STIPULATED AND AGREED:

_____
PETER LAMBERTON, ESQ.
Federal Trade Commission
600 Pennsylvania Ave. NW
Washington, DC 20580
202-326-3274 (Lamberton)
Email: plamberton@ftc.gov
*Attorney for Plaintiff*

_____
DOMENICO D'ANGELO, *Defendant*

_____
GLOBAL GROUP, LLC, *Defendant*
by Domenico D'Angelo

_____
ERIC SCHOHNLEIN, ESQ
Lippes Mathias Wexler Friedman, LLP
665 Main Street, Suite 300
Buffalo, NY 14203
Tel (716) 853-5100
Email: eschohnlein@lippes.com
*Attorney for Defendants Domenico D Angelo and Unified Global Group LLC*

_____
ARM WNY, LLC, *Defendant*
Audubon Financial Bureau, LLC, *Defendant*
RAYMOND L. FINK, ESQ.
Harter Secrest & Emery LLP
Twelve Fountain Plaza, Suite 400
Buffalo, NY 14202
Tel: (716) 853-1616
Email: rfink@hselaw.com
*Court-Appointed Receiver*

23

SO STIPULATED AND AGREED:

LEAH FRAZIER, ESQ.
Federal Trade Commission
600 Pennsylvania Ave. NW
Washington, DC 20580
202-326-2187
Email: lfrazier@ftc.gov
*Attorney for Plaintiff*


DOMENICO D'ANGELO, *Defendant*


UNIFIED GLOBAL GROUP, LLC, *Defendant*
By: Domenico D'Angelo


ERIC SOEHNLEIN, ESQ.
Lippes Mathias Wexler Friedman, LLP
665 Main Street, Suite 300
Buffalo, NY 14203
Tel: (716) 853-5100
Email: esoehnlein@lippes.com
*Attorney for Defendants Domenico D'Angelo and Unified Global Group, LLC*


ARM WNY, LLC, *Defendant*
Audubon Financial Bureau, LLC, *Defendant*
RAYMOND L. FINK, ESQ.
Harter Secrest & Emery LLP
Twelve Fountain Plaza, Suite 400
Buffalo, NY 14202
Tel: (716) 853-1616
Email: rfink@hselaw.com
*Court-Appointed Receiver*

23